**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MIGUEL ANGEL TERAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-2062

Agency No.
A036-914-475

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 13, 2025**
Pasadena, California

Before: TASHIMA, RAWLINSON, and M. SMITH, Circuit Judges.

Miguel Angel Teran (Teran), a native and citizen of Mexico, petitions for

review of an order from the Board of Immigration Appeals (BIA) dismissing his

appeal of an order from an Immigration Judge (IJ) denying Teran's application for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

When the BIA summarily affirms the IJ's decision without opinion we review the IJ's decision as if it were the BIA's decision. *See Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023). "We review for substantial evidence the agency's determination that a petitioner has failed to establish eligibility for asylum or withholding of removal, including the determination that a petitioner's past harm does not amount to past persecution." *Id.* (citation, alteration, footnote refence, and internal quotation marks omitted). "Under this highly deferential standard we must accept administrative findings as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id*. at 1072-73 (citation and internal quotation marks omitted). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

**1.** Substantial evidence supports the agency's denial of asylum and withholding of removal because Teran failed to establish past harm rising to the level of persecution, or a well-founded fear of future persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1181-82 (9th Cir. 2003). Teran did not verify that the threatening text he received was from a police officer, nor could he verify that the car following him was driven by the person who threatened him. *See id.* at 1182 (observing that unfulfilled threats without more do not qualify as persecution).

Teran testified that he had never met the person who sent the threatening text message, that he relied only on his girlfriend's assertions that the person was a police officer and that he does not know the person's name. *See Sharma v. Garland,* 9 F.4th 1052, 1059 (9th Cir. 2021) (holding that petitioner has the burden to demonstrate a likelihood of persecution).

**2**. Substantial evidence supports the IJ's denial of CAT relief because Teran failed to establish that torture was more likely than not to occur or that any torture would be by or with the acquiescence of government officials. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 361 (9th Cir. 2017) (delineating the requirements for CAT relief).

**PETITION DENIED.**[1]

---

[1] The stay of removal will remain in place until the mandate issues. The motion for stay of removal is otherwise denied.